UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHARLES M. STEELE, | : | Case No. 2:24-cv-4248 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MIKE DEWINE, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**[1]

Plaintiff, an inmate in state custody at the Chillicothe Correctional Institution, in Chillicothe, Ohio, has filed a *pro se* Complaint under 18 U.S.C. §§ 241 and 242. (Doc. 1, at PageID 1). Plaintiff alleges that Defendants—Governor and former Ohio Attorney General Mike DeWine and Cuyahoga Prosecuting Attorneys Timothy J. McGinty, Mary Weston, and Max Martin—violated his constitutional rights by retroactively applying amended Ohio Rev. Code § 2903.13 (which extended the statute of limitations) to indict him on rape and kidnapping charges for which he is currently serving an aggregate term of 72 years in prison. (*See* Doc. 1-1). *See also Steele v. Jenkins*, No. 1:15-cv-1374 (N.D. Ohio Oct. 3, 2017) (Docs. 20; 21) (setting forth the procedural history of these convictions and denying Plaintiff habeas corpus relief).[2] Plaintiff has paid the filing fee.[3]

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] It is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted).
[3] Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Doc. 1), which the Court denies herein as moot as Plaintiff has paid the $405 filing fee required to commence this action.

This matter is before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).

Although Plaintiff has paid the filing fee, the Court is required by statute to screen the Complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or states a claim against a person who is immune from suit. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## Screening of Complaint

### A. Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court

need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does

a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Background and Allegations

> In 2013, while serving time in a state penitentiary for multiple convictions of rape with a firearm specification, petitioner was indicted by the grand jury on one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(2); and one count of kidnapping, in violation of Ohio Revised Code § 2905.01(A)(4). (Doc. No. 11–1 (Indictment, dated Mar. 5, 1993) at 121.) The newly indicted crimes took place in 1993, and the delay in bringing charges was attributed to a backlog of untested DNA rape kits. On–going testing by the State of Ohio on other previously untested DNA rape kits resulted in three additional hits on petitioner for crimes committed between 1993 and 1994, eventually leading to a superseding indictment charging petitioner with four counts of rape and four counts of kidnapping, all with firearm specifications. (Doc. No. 11 (Return of Writ) at 99–100, record cites omitted.)
>
> By election, and with the assistance of stand-by counsel, petitioner proceeded *pro se* to trial on the superseding indictment, and the jury returned guilty verdicts on all charges. After a direct appeal and a remand for re-sentencing, petitioner was ultimately sentenced to a term of imprisonment of 72 years. (Doc. No. 11-1 (Journal Entry of Judgment) at 428.)

*Steele*, No. 1:15-1374 (Doc. 20, at PageID 1481-82) (footnote omitted). The United States District Court for the Northern District of Ohio denied Plaintiff's 28 U.S.C. § 2254 petition for habeas corpus relief as well as a certificate of appealability, and the Sixth Circuit Court of Appeals affirmed. *See Steele v. Jenkins*, No. 17-4171 (6th Cir. Mar. 5, 2018).

In the instant lawsuit, Plaintiff raises claims relating to an allegedly fraudulent indictment, which Plaintiff asserts charged him with the rape and kidnapping crimes in the 2013 indictment after the statute-of-limitations had expired. (Doc. 1-1, at PageID 15). Plaintiff asserts that Defendants' retroactive application of the twenty-year statute of limitations set forth in Ohio Rev.

4

Code § 2903.13, as amended in 1999, violated his right to due process. (*Id*. at 14). Plaintiff further asserts that Defendants perpetrated the "illegal scheme" for political gain. (*Id*. at 15).

For relief, Plaintiff relies on the penalties set forth in 18 U.S.C. §§ 241 and 242. (*Id*. at 17).[4]

### C. Analysis

For the following reasons, Plaintiff's Complaint is subject to dismissal in its entirety. 28 U.S.C. § 1915A(b).

#### 1. *Plaintiff Lacks Standing to Bring Claims under 18 U.S.C. §§ 241 and 242*

Plaintiff relies on Title 18 of the United States Code to bring his claims. However, as our sister court in the Western District of Kentucky has explained:

> Title 18 of the U.S. Code are references to criminal statutes that do not support a private cause of action. *See United States v. Oguaju,* 76 F. App'x 579 (6th Cir. 2003); *Abou–Hussein v. Gates,* 657 F.Supp.2d 77, 81 (D.D.C. 2009). Generally, there is no private right of action to enforce criminal statutes. *Am. Post. Wkrs. U., Detroit v. Indep. Post. Sys.,* 481 F.2d 90, 93 (6th Cir. 1973). As a private citizen, Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution" of Defendants under these statutes. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Accordingly, Plaintiff lacks standing to maintain these claims, and the Court must dismiss them. *See Booth v. Henson,* 290 F. App'x 919, 921 (6th Cir. 2008) (per curiam) (affirming district court's dismissal of a civil action under 18 U.S.C. §§ 241 and 242).

*Strange v. Strode*, No. 1:13CV-P142-M, 2014 WL 2930748, at *3 (W.D. Ky. June 27, 2014).

Accordingly, because Plaintiff lacks standing to assert the claims raised in his Complaint, the Complaint is subject to dismissal.

---

[4] "Title 18 U.S.C. §§ 241 and 242 provide for penalties or fines, imprisonment, or both when two or more people: (1) 'conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any rights or privileges secured to him' or (2) 'act under color of law to willfully subject[ ] any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.'" *Sisson v. City of Memphis*, No. 220CV02201, 2020 WL 9264594, at *6 (W.D. Tenn. July 9, 2020), *report and recommendation adopted*, 2021 WL 1108597 (W.D. Tenn. Mar. 23, 2021) (quoting 18 U.S.C. §§ 241 & 242).

### 2. *Alternative Bases for Dismissing Plaintiff's Complaint*

#### a. *Any Claims under 42 U.S.C. § 1983 Are Barred as Untimely and under Prosecutorial Immunity Principles*

Additionally, even if the Court were to liberally construe Plaintiff's Complaint as being filed under 42 U.S.C. § 1983,[5] it would still be subject to dismissal as barred by the applicable statute of limitations and by prosecutorial-immunity principles.

##### i. *Statute of Limitations*

Claims under § 1983 are governed by the two-year statute of limitations found in Ohio Rev. Code § 2305.10. *See Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 937, 939 (6th Cir. 1999) (stating that two-year statute of limitations applies to claims under § 1983).

Although the statute of limitations is normally an affirmative defense raised by Defendants in an answer, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

The alleged conduct underlying Plaintiff's Complaint would have occurred prior to his

---

[5] Section 1983 "provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'" *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring).

6

2013 indictment. Indeed, Plaintiff alleges that it "all started back in 2011." (Doc. 1-1, at PageID 13). Because it is clear from the face of Plaintiff's Complaint that the statute of limitations for bringing claims related to his 2013 indictment under § 1983 expired well before Plaintiff filed this action, his Complaint should be dismissed for failure to state a claim upon which relief can be granted. *Fraley*, 1998 WL 789385, at *1. *See also Lucas v. Hartford*, No. 3:20-CV-1941, 2023 WL 2787942, at *3 (N.D. Ohio Apr. 5, 2023) (finding that a plaintiff's "lack of legal knowledge, whether of the statute of limitations or of his potential claims against the . . . Defendants, is not sufficient to warrant the application of equitable tolling.") (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–62 (6th Cir. 2000)).

### ii. Prosecutorial Immunity

"Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb Cty. Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) (deciding to file a criminal complaint and seeking issuance of an arrest warrant are protected by absolute immunity).

Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 1998). And such absolute prosecutorial immunity "presents a complete bar" to a plaintiff's § 1983 claims for conspiracy. *Smith v. Rybek*, No. 2:11-CV-777, 2012 WL 3025102, at *4 (S.D. Ohio July 24, 2012).

Accordingly, Defendants are entitled to absolute prosecutorial immunity on any § 1983 claims and Plaintiff's Complaint should be dismissed.

### b. *Plaintiff's Claims Are Barred under Heck v. Humphrey, 512 U.S. 477 (1994).*

Finally, Plaintiff's Complaint should be dismissed because his claim are barred under *Heck*. In *Heck*, the United States Supreme Court held that:

> a person who has been convicted of a crime cannot seek damages or other relief under federal law . . . for violation of his rights by officers who participated in the investigation or prosecution of the criminal charge, if "a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence."

*Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 487). "[T]he *Heck* rule is applicable whenever success on a claim—no matter how characterized by the plaintiff—would necessarily imply that his conviction is invalid." *Murillo v. U.S. Dep't of Just.*, No. 2:13-CV-15273, 2014 WL 5361951, at *5 (E.D. Mich. Sept. 8, 2014), *report and recommendation adopted,* 2014 WL 5361981 (E.D. Mich. Oct. 21, 2014).

At its core, Plaintiff's Complaint seeks to challenge the validity of his convictions on the rape and kidnapping charges for which he was indicted in 2013. (*See, e.g.* Doc. 1-1, at PageID 15) (alleging that he was charged in a "fraudulent indictment" and as part of an "elaborate illegal scheme")). Plaintiff, however, does not allege that the challenged convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus. Because Plaintiff seeks to undermine the validity of his convictions, and because his convictions have not been invalidated on appeal or vacated by expungement or by writ of habeas corpus, Plaintiff's claims are barred by *Heck*.

In this regard, the Court further notes:

> "'When a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits.' Instead, the matter should be dismissed,

leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus." *McQueen v. Worthy,* No. 07–CV–11293, 2007 WL 1009151, at *2 (E.D. Mich. Mar. 29, 2007) (Borman, J.) (quoting *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999)). And even assuming that conversion were appropriate in general, it is not appropriate here because plaintiff has previously filed a § [2254 petition], and thus he may not file another such [petition] in this Court without first obtaining permission to do so from the Sixth Circuit. *See* [28 U.S.C. § 2244(b)].

*Murillo*, 2014 WL 5361951, at *6.

Therefore, because Plaintiff's claims seek, at their core, to challenge the convictions that resulted from the 2013 indictment and Plaintiff has already filed a § 2254 petition, the Court should dismiss Plaintiff's Complaint pursuant to *Heck*, "leaving it to [Plaintiff] to decide whether to refile it as a petition for writ of habeas corpus." *Murillo*, 2014 WL 5361951, at *6.

Accordingly, in sum, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE,** pursuant to 28 U.S.C. § 1915A(b)(1), because Plaintiff lacks standing to pursue this action and, alternatively, has failed to state a claim upon which relief may be granted.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **DENIED as moot** because he has paid the $405 filing fee.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff lacks standing to pursue this action and, alternatively, has failed to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and

Recommendation would not be taken in good faith. *See McGore*, 114 F.3d 610-11.

March 12, 2025                         *s/Peter B. Silvain, Jr.*
                                                             Peter B. Silvain, Jr.
                                                             United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).