UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES M. STEELE,**

    **Plaintiff,**

v.

**GOVERNOR MIKE DEWINE,** *et al.***,**

    **Defendants.**

Case No. 2:24-cv-4248
Judge Edmund A. Sargus, Jr.
Magistrate Judge Peter B. Silvain, Jr.

**OPINION AND ORDER**

This matter is before the Court on the March 12, 2025 Report and Recommendations ("R&R") issued by the Magistrate Judge. (ECF No. 4.) For the reasons stated below, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendations. (ECF No. 4.)

**I.    Background**

Plaintiff Charles M. Steele is an inmate in state custody at the Chillicothe Correctional Institution proceeding without the assistance of counsel. (Compl., ECF No. 1-1.) He argues that Defendants violated his constitutional rights by retroactively applying Ohio Revised Code § 2903.13, as amended, to indict him on rape and kidnapping charges for which he is serving a term of imprisonment. (*Id.*)

While Mr. Steele was "serving time in a state penitentiary for multiple convictions of rape with a firearm specification, [he] was indicted by the grand jury on one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(2); and one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4)." *Steele v. Jenkins*, No. 1:15-cv-1374, 2017 U.S. Dist. LEXIS 163767, at *2 (N.D. Ohio Oct. 3, 2017) (denying Mr. Steele's petition under 28 U.S.C. § 2254 for habeas corpus relief). "The newly indicted crimes took place in 1993, and the delay in bringing charges was attributed

1

to a backlog of untested DNA rape kits." *Id*. "On-going testing by the State of Ohio on other previously untested DNA rape kits resulted in three additional hits on [Mr. Steele] for crimes committed between 1993 and 1994, eventually leading to a superseding indictment charging [him] with four counts of rape and four counts of kidnapping, all with firearm specifications." *Id*. Mr. Steele proceeded to trial *pro se*, and the jury returned guilty verdicts on all charges. *Id*. Mr. Steele was ultimately sentenced to a term of imprisonment of 72 years. *Id.* The Northern District of Ohio court denied his petition for habeas corpus relief, and the Sixth Circuit affirmed. *Steele v. Jenkins*, No. 17-4171, 2018 U.S. App. LEXIS 28006 (6th Cir. Mar. 5, 2018).

In this case, Mr. Steele argues that the superseding indictment charging him with rape and kidnapping was fraudulent because it was filed after the statute of limitations had expired. (ECF No. 1-1, PageID 15.) He claims that Defendants' retroactive application of the twenty-year statute of limitations under Ohio Revised Code § 2903.13, as amended in 1999, violated his right to due process. (*Id.* PageID 14.) He seeks relief under 18 U.S.C. §§ 241 and 242. (*Id.* PageID 17.)

## II.     Recommendation and Objections

After screening the Complaint under 28 U.S.C. § 1915A, the Magistrate Judge recommended that the Court dismiss Mr. Steele's claims on several grounds. (ECF No 4, PageID 55–59.) First, because Mr. Steele is a private citizen and has no right to enforce criminal statutes, he lacks standing to assert a cause of action under 18 U.S.C. §§ 241 or 242. (*Id.* PageID 55 (citing *Strange v. Strode*, No. 1:13CV-P142-M, 2014 U.S. Dist. LEXIS 87508, at *7 (W.D. Ky. June 27, 2014)).) Even if the Court construed Mr. Steele's Complaint as filed under 42 U.S.C. § 1983, his claim would still be subject to dismissal as barred by the applicable statute of limitations and prosecutorial immunity. (*Id.* PageID 56–58.) Finally, Mr. Steele is barred from bringing a 42

U.S.C. § 1983 claim for damages related to his conviction and imprisonment in state court under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). (*Id.* PageID 58–59.)

Because the Court recommended that Mr. Steele's Complaint be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for lack of standing or failing to state a claim for relief, the Magistrate Judge denied Mr. Steele's motion for leave to proceed *in forma pauperis*. (*Id.* PageID 59.)

Mr. Steele objects to the Magistrate Judge's sua sponte review of the Complaint ("Objection") and argues that it is inappropriate to dismiss his claims without a motion filed by Defendants. (ECF No. 5, PageID 64.) Next, Mr. Steele asserts that the Magistrate Judge's Report and Recommendation did not properly address his claim that Defendants committed fraud on the Court. (*Id.* PageID 69.) He restates his allegations that the Ohio legislature intended for the longer twenty-year statute of limitations to apply only if the shorter statute of limitations had not expired at the time the amendment took effect. (*Id.* PageID 78.) Because Defendants knew the previous six-year statute of limitations expired before Mr. Steele was indicted, Defendants committed a fraud on the Court and violated his due process rights, says Mr. Steele. (*Id.*)

### III. Analysis

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Steele's objection about the Magistrate Judge's authority to sua sponte review the sufficiency of his Complaint is **OVERRULED**. As the Magistrate Judge explained, "the Court is

3

required by statute to screen the Complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or states a claim against a person who is immune from suit." (R&R, ECF No. 4, PageID 52 (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997); 28 U.S.C. § 1915A(b)).)

Mr. Steele next incorrectly argues that the Magistrate Judge failed to address his fraud upon the Court claim. (ECF No. 5, PageID 69.) As the Magistrate Judge explained, assuming his claim was properly brought under § 1983, the claim is subject to dismissal based on the two-year statute of limitations and prosecutorial immunity. (R&R, ECF No. 4, PageID 56–58 (citing Ohio Revised Code § 2305.10).) Further, as explained by the Magistrate Judge, Mr. Steele's § 1983 claim for damages is barred by *Heck v. Humphrey* because he did not allege that his conviction has been invalidated. (*Id.* PageID 58–59.) Mr. Steele does not object to the Magistrate Judge's conclusion under *Heck v. Humphrey*, or the conclusion that his claims are barred by the statute of limitations and prosecutorial immunity. (*See* Obj., ECF No. 5.) Because he did not object to those portions of the Report and Recommendation, he has waived de novo determination of those issues. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

### IV. Conclusion

For the reasons stated above, the Court **OVERRULES** Mr. Steele's Objection. (ECF No. 5.) The Magistrate Judge's Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 4.) The Court **DISMISSES WITHOUT PREJUDICE** Mr. Steele's Complaint under 28 U.S.C. § 1915A(b)(1) because Mr. Steele lacks standing to pursue this action and because he failed to state a claim upon which relief may be granted.

The Court also **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that any appeal of this Opinion and Order would not be taken in good faith, and Mr. Steele is therefore denied leave to appeal *in forma pauperis*. *See McGore*, 114 F.3d at 610–611.

The Clerk is **DIRECTED** to enter judgment and to terminate this case on the Court's docket.

**IT IS SO ORDERED.**

| | |
|---|---|
| **4/15/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |